**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,**
Plaintiff-Appellee, v. STANDARD OIL COMPANY, an Ohio Corporation,
Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 6066.   Decided April 7, 1959.

**240**

Collier & Brannock, Keith W. Brannock, of Counsel, Columbus, for plaintiff-appellee.

McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett, William Tousley Smith, of Counsel, Cleveland, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Municipal Court rendered in favor of the plaintiff after overruling the defendant's demurrer to the amended petition. In response to this ruling, the defendant indicated its desire not to plead further; hence, the final judgment was entered.

The error assigned is that the trial court erred in overruling the demurrer. The action is one for damages and requires a careful examination of the amended petition, as the sufficiency of the same is the matter now before the court. We, therefore, quote the same in full, to wit:

"Now comes the plaintiff and says that it is a corporation organized under the laws of the State of Florida and licensed to transact insurance business in the State of Ohio, and under said license they are in the business of writing automobile fire insurance: that on the 12th day of December, 1957, there was in full force and effect a policy of automobile fire insurance with one Paul Elliott, and that by reason of damage to the insured automobile resulting from the negligence of the defendant, the plaintiff was required to and did pay the said Paul Elliott the sum of Three Hundred and Ten ($310.00) Dollars and as a result thereof they have become subrogated to said extent.

"Defendant is, and at the time herein complained of was, a corporation organized under the laws of Ohio, and on or about the 12th day of December, 1957, owned and operated a certain filling station at Country Club Road and East Main Street, in Franklin County, Ohio.

"Plaintiff says that on the aforesaid date Paul Elliott drove his automobile to said station for the purpose of having defendant service the radiator which was frozen solid. The defendant on said date then took the car into custody and was engaged in the task of working on said automobile when he instructed Paul Elliott to get in and start the engine. While the engine was in the process of being started it was suddenly engulfed in flames which spread to the remainder of the automobile and burned the entire automobile.

"The materials being used on the engine, the engine, and the premises were under the exclusive control and care of the defendant at the time the fire occurred. The exact cause of the fire being unknown to the plaintiff, but such cause is known to, or should be known by the defendant.

"As a proximate result of the defendant's negligence in servicing the radiator of Paul Elliott's car, plaintiff suffered damage, in that, the reasonable value of the automobile immediately before the fire was Three Hundred and Ten ($310.00) Dollars, and its reasonable value immediately thereafter was Sixty ($60.00) Dollars, leaving the plaintiff damaged in an amount of Two Hundred and Fifty ($250.00) Dollars.

"WHEREFORE, the plaintiff prays for judgment against the defendant in the sum of Two Hundred and Fifty ($250.00) Dollars, and for costs.

/s/ Keith W. Brannock

Collier and Brannock
Attorneys for Plaintiff"

It is urged by counsel for the plaintiff that it has set forth a good cause of action requiring the application of the doctrine of res ipsa loquitur. This doctrine has been defined on most numerous occasions by our courts as a rule of evidence which permits the jury, but not the court, in a jury trial to draw an inference of negligence where the instrumentality causing the injury was under the exclusive possession, management and control of the defendant, and the accident occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. Koktavy v. United Fireworks Mfg. Co., Inc., 160 Oh St 461; Krupar v. Procter & Gamble Co., 160 Oh St 489; Renneckar v. Canton Terminal Restaurant, Inc., 148 Oh St 119; 29 O. Jur., 631, Section 153, and cases cited.

It is to be noted that in passing upon a demurrer, the petition must be liberally construed in favor of the pleader, and also it should be noted that a demurrer searches the record and admits all facts well pleaded. In so doing, we conclude that the petition alleges:

(1) That the instrumentality causing the injury was in the exclusive custody, control and care of the defendant at the time of the accident:

(2) That the plaintiff was damaged in the sum of $250;

(3) That the damage resulted from the negligent acts of the defendant, which was the proximate cause of the plaintiff's injury.

As stated in **Parras v. Standard Oil Company, 160 Oh St 315,**

"The mere happening of an accident gives rise to no presumption of negligence * * *."

However, it does warrant an inference of negligence if the doctrine of res ipsa is applicable. Res ipsa is a rule of evidence which permits the jury, but not the court, in a jury trial to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties, and an accident occurs under circumstances where, in the ordinary course of events, it would not occur when ordinary care is observed. It is an evidential inference, not controlling upon the jury, but to be considered by the jury under proper instructions. Res ipsa loquitur means that the facts of the occurrence warrant an inference of negligence, not that they compel such an inference. **Loomis v. The Toledo Railways & Light Co., 107 Oh St 161; Glowacki, a Minor, v. The North Western Ohio Ry. & Power Co., 116 Oh St 451;** that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, and not by the court.

It is said in **29 O. Jur., 636:**

"All that the rule of res ipsa loquitur means is that the circumstances involved in or connected with an accident may be of such unusual character as to justify, in the absence of any other evidence bearing upon the subject, the inference that the accident was due to the negligence of the one having the possession or control of the article or thing which caused the injury, because, in the absence of explanation, this is the only fair and reasonable conclusion."

Now, did the accident occur under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed? Does not the answer to this inquiry depend upon the evidence contained in the record and not the allegations contained in the petition? We are referred to the case of **Soltz et al v. Colony Recreation Center, a Partnership, et al, 151 Oh St 503.** But this case was decided not upon the pleadings, but upon the record made in the trial of the case.

We note that Judge Taft says at page 512, supra:

"In the instant case, plaintiffs have consistently maintained that the process used by defendants was one which did not represent a threat of serious injury or death. While the process did involve use of an inflammable liquid, **defendants have argued and the record discloses that it has been generally used safely and without mishap in this kind of business for years.** If so, it would follow that there was no threat of serious personal or even property injury involved in its use. **There are no other circumstances in the record** to indicate that ordinary care on the part of defendants in the use of this process would necessitate a high degree or great amount of care."

Here we have no evidence in the record indicating whether or not the accident would have occurred if ordinary care had been observed. In the absence of such evidence, how can it be determined whether or not the acts being done by the defendant required a high degree of care or only ordinary care? This is a factual question and not one to be determined on demurrer.

It is our conclusion that the amended petition states a good cause of action and the trial court did not err in overruling the demurrer and entering final judgment in favor of the plaintiff.

The judgment is affirmed.

BRYANT, PJ, DUFFY, J, concur.